UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK RAMIREZ, | Case No. EDCV 13-01483 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising two disputed issues. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

Plaintiff contends that the Administrative Law Judge ("ALJ") failed to give specific, clear and convincing reasons for rejecting his subjective complaints regarding the severity of his symptoms and limitations. (JS 3-8.)

Plaintiff suffers from the severe impairments of human immunodeficiency virus ("HIV"), and depressive disorder, not otherwise specified. (AR 11.) Plaintiff testified that he is unable to perform household chores, prepare meals, or grocery shop, and is limited

to walking 200 yards at a time, standing 1 hour at a time, and sitting 2 to 3 hours at a time. (AR 13, 44-45.) Plaintiff alleges that his symptoms include depression, panic attacks, night sweats, fatigue, and dizziness. (AR 13, 37.)

The ALJ found that Plaintiff's statements concerning his symptoms and limitations were not credible to the extent they were inconsistent with a residual functional capacity ("RFC") for a limited range of light work.[1] (AR 12-15.) In finding Plaintiff less than fully credible, the ALJ noted that Plaintiff's complaints of fatigue and other reported debilitating symptoms related to HIV were unsupported by the objective medical evidence. (AR 13-15.) While subjective symptom testimony may not be rejected on the sole ground that it was not fully corroborated by objective medical evidence, the medical evidence was still a relevant factor in determining the severity of Plaintiff's pain and symptoms. *See* 20 C.F.R. § 416.929(c)(2); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (objective medical evidence may not be sole reason for discounting credibility but is nonetheless a legitimate and relevant factor to be considered in assessing credibility). Here, the ALJ found that the relevant treatment records consistently documented Plaintiff's HIV as stable. (AR 13-14, 162, 165, 166, 208, 306, 308-09, 311, 314-16.) Lab tests also showed that Plaintiff's HIV was controlled with antiretroviral medication therapy. (AR 13-14, 138, 144, 157, 159, 248-49, 251, 254, 256-57, 263-64, 268-69, 273-74, 278-79, 282-83, 286-87, 299-300, 353-54.) In addition, a physical examination of Plaintiff conducted in August 2010 by a consultative internist was generally unremarkable. (AR 14, 323-27.) In sum, the conflict between Plaintiff's subjective complaints and the objective medical evidence supported the ALJ's adverse credibility determination. *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d

---

[1] Specifically, the ALJ determined that Plaintiff is capable of the following: lifting, carrying, pushing and pulling 20 pounds occasionally and 10 pounds frequently; standing and/or walking 6 hours in an 8-hour workday; sitting 6 hours in an 8-hour workday; climbing ramps and stairs occasionally; and balancing, stooping, kneeling, crouching, and crawling frequently. (AR 12.) The ALJ further found that Plaintiff is able to perform routine and repetitive work, but is precluded from climbing ladders, ropes or scaffolds, and must avoid all exposure to hazards, fumes, dust, and biological/chemical hazards. (AR 12.)

Page 2

595, 600 (9th Cir. 1999) (ALJ may properly rely on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (explaining that impairments that can be controlled effectively with medication are not disabling for purposes of determining eligibility for benefits); *Tidwell v. Apfel*, 161 F.3d 599, 601-02 (9th Cir. 1999) (in assessing claimant's credibility, the ALJ did not err in considering that medication aided the claimant's symptoms).

The ALJ also properly cited Plaintiff's ability to participate in normal daily activities, which included cooking, performing housework, grocery shopping, driving, maintaining his personal care, taking care of his finances and going for short walks. (AR 13, 323, 329.) The ALJ explained that some of the physical and mental abilities and social interactions associated with Plaintiff's daily activities were the same as those necessary for obtaining and maintaining employment. (AR 13.) Although the level of Plaintiff's activities may not suggest an automatic inference that Plaintiff is capable of working, Plaintiff's activities were at odds with his testimony describing extremely limited functioning. (AR 44-45.) The inconsistency between Plaintiff's testimony describing extreme functional limitations and his admitted daily activities constituted a specific, clear and convincing reason for finding Plaintiff's subjective complaints less than fully credible.(AR 13); *see Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (ALJ may consider inconsistencies between the claimant's testimony and her conduct, daily activities, and other factors in reaching a credibility determination); *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity").

Accordingly, Plaintiff is not entitled to a reversal or remand based upon Issue #1.

///

///

**Issue #2**

Plaintiff contends that the ALJ improperly rejected the opinion of his treating physician, Ryan Zane, M.D. (JS 12-16.) In June 2010, Dr. Zane assessed Plaintiff's ability to do work-related activities by completing a two-page HIV questionnaire physician statement form. (AR 203-08.) Dr. Zane reported on Plaintiff's most recent lab results and indicated that Plaintiff appeared chronically ill and visibly fatigued due to HIV and depression. (AR 207-08.) Dr. Zane opined that Plaintiff was limited to lifting and carrying 10 pounds occasionally and less than 10 pounds frequently, standing and walking less than 2 hours at a time, and sitting 6 hours at a time. (AR 207.) When asked how long these findings and limitations had been present, Dr. Zane responded, "Pt. states limitation since Feb/2008." (AR 207.) And, when asked to describe the objective findings to support the assessed limitations, Dr. Zane responded, "Patient's HIV is controlled with H.A.A.R.T. [medication]." (AR 208.) Dr. Zane also checked a box on the physician statement form to indicate that there were findings of a diagnosed mental impairment. (AR 208.) However, when asked for a description of the signs supporting the diagnosis, Dr. Zane failed to give a response. (AR 208.)

The ALJ permissibly rejected the extreme functional limitations assessed by Dr. Zane in the HIV questionnaire physician's statement, as unsupported by the objective medical evidence. (AR 14-15); *see Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (noting that an ALJ need not accept a physician's opinion that is brief, conclusory and inadequately supported by clinical findings); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that the ALJ did not err in giving "minimal evidentiary weight" to controverted treating source opinions that were "in the form of a checklist," and lacked supportive objective medical findings). Dr. Zane failed to provide adequate explanation to substantiate his assertions that Plaintiff has disabling functional limitations, and his treatment notes lacked substantive medical findings to support his conclusions. As discussed above and acknowledged by Dr. Zane himself, Plaintiff's HIV was controlled with antiretroviral medication. (AR 13-14, 138, 144, 157, 159, 162, 165,

166, 208, 248-49, 251, 254, 256-57, 263-64, 268-69, 273-74, 278-79, 282-83, 286-87, 299-300, 306, 308-09, 311, 314-16, 353-54.) Moreover, the ALJ noted that Dr. Zane appeared to have based his opinion on Plaintiff's subjective complaints. (AR 15, 207.) This finding is supported by the HIV questionnaire physician statement. (AR 207.) Because the present record supports the ALJ's decision to discount Plaintiff's credibility, as discussed above, the ALJ properly disregarded Dr. Zane's opinion, to the extent it was premised on Plaintiff's subjective complaints. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).Thus, the record does not support Dr. Zane's conclusion that Plaintiff's impairments caused the extreme functional limitations assessed. *Bayliss*, 427 F.3d at 1217.

      Plaintiff asserts that the ALJ had a duty to recontact Dr. Zane to ascertain the basis for his opinion or to obtain additional evidence. (JS 15.) This contention lacks merit. The ALJ's "duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Dr. Zane's opinion was not ambiguous. He was asked to identify medical or clinical findings supporting his opinion, but failed to do so. (AR 207-08.) The record was also not inadequate to allow for proper evaluation of Dr. Zane's functional capacity assessment. The record contained numerous treatment records describing Plaintiff's HIV condition as stable and well controlled. (AR 138, 144, 157, 159, 162, 165, 166, 208, 248-49, 251, 254, 256-57, 263-64, 268-69, 273-74, 278-79, 282-83, 286-87, 299-300, 306, 308-09, 311, 314-16, 353-54.) Under these circumstances, the ALJ did not commit legal error by failing to recontact Dr. Zane. *See Mayes*, 276 F.3d at 459-460 (rejecting the argument that the ALJ breached his duty to develop the record as an impermissible attempt to shift the burden of proving disability away from the claimant).

///
///
///

1     Accordingly, Plaintiff is not entitled to a reversal or remand based upon Issue #2.

## ORDER

The Court finds that the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: June 16, 2014

                                  ARTHUR NAKAZATO
                              UNITED STATES MAGISTRATE JUDGE